UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
)
DR. DANETTE COLELLA AND DR. CARA )
BARONE, individually and on behalf of a class of )
similarly situated people, ) Civil Action No. 14-11687
)
Plaintiffs, ) **NOTICE OF REMOVAL**
)
v. )
)
THE CHILDREN'S HOSPITAL CORPORATION )
D/B/A "BOSTON CHILDREN'S HOSPITAL," )
)
Defendant. )
_____)

Pursuant to 28 U.S.C. §§ 1331, 1332, 1340, 1441 and 1446, Defendant The Children's Hospital Corporation d/b/a "Boston Children's Hospital" ("Defendant" or "BCH") hereby files this Notice of Removal, removing to the United States District Court for the District of Massachusetts the case brought by Plaintiffs Dr. Danette Colella and Dr. Cara Barone ("Plaintiffs"), individually and on behalf of all others similarly situated, in the Superior Court of the Commonwealth of Massachusetts, Suffolk County, Docket No. BLS 14-0716.  (A copy of the Summons and Complaint (the "Complaint") is annexed hereto as Exhibit A.)  In support of its Notice of Removal, BCH states as follows:

**Factual Background**

1. On or about March 5, 2014, Plaintiffs commenced this action in the Superior Court of the Commonwealth of Massachusetts, Suffolk County.

2. In summary, Plaintiffs allege that BCH failed to secure refunds of Federal Insurance Contribution Act ("FICA") taxes that were withheld from Plaintiffs' pay while Plaintiffs were employed as medical residents and/or fellows by BCH.  Plaintiffs allege that this

failure gives rise to statutory and common law causes of action under Massachusetts law for (1) breach of fiduciary duty; (2) breach of contract; (3) negligent breach of contract; and (4) violation of the Massachusetts Consumer Protection Act, M.G.L. ch. 93A.  *See generally* Compl. (Ex. A hereto).

3. Plaintiffs seek to pursue this action on behalf of themselves and on behalf of "All persons who were employed as residents or fellows by Boston Children's Hospital between January 1, 1995 and March 31, 2005, inclusive (the "Relevant Period"), and who have not received a refund of all FICA taxes withheld for wages paid by Boston Children's Hospital for work performed during the Relevant Period." Compl. ¶ 29.

4. Although BCH disputes this action is a proper class action and disputes any liability to the named plaintiffs or the alleged class, the appended record demonstrates that this action is removable under 28 U.S.C. § 1332(d) because there is diversity of citizenship between at least one member of the alleged class of plaintiffs and Defendant; there are at least 100 members of the putative class; and the amount in controversy exceeds $5,000,000.

5. This action also is removable under 28 U.S.C. § 1331 because the case will require the Court to adjudicate questions of federal pre-emption under the Internal Revenue Code, 26 U.S.C. § 7422.  Thus, the Court has original jurisdiction over this action because it is a "civil action[] arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

## The Basis for Federal Jurisdiction

**A.   The Court Has Jurisdiction under the Class Action Fairness Act of 2005.**

6. The Class Action Fairness Act of 2005 ("CAFA") provides for federal jurisdiction over class actions where: (1) any member of the proposed class is a citizen of a state different

from any defendant (*i.e.*, minimal diversity exists); (2) the putative class consists of at least 100 members; and (3) the amount in controversy exceeds $5 million, aggregating all claims and exclusive of interest and costs. *See* 28 U.S.C. § 1332(d). These requirements are met in this case.

7. First, minimal diversity exists in this case.

8. Defendant BCH is a corporation incorporated in Massachusetts with a primary place of business in Boston, Massachusetts.

9. Plaintiff Barone is a citizen of California. *See* Compl. ¶ 11. Thus, at least one member of the proposed class is a citizen of different state than the defendant.

10. Second, the putative class contains more than 100 members.

11. Plaintiffs have alleged that BCH employed dozens of residents and fellows each year during the roughly ten years of the Relevant Period and that the class "likely numbers in the hundreds." Compl. ¶ 31.

12. Third, the amount in controversy exceeds $5,000,000.

13. As noted above, Plaintiffs have alleged that the class contains hundreds of former residents and fellows. *See* Compl. ¶ 31. Moreover, the overwhelming majority of these residents and fellows were employed at BCH for multiple years. *See, e.g.*, Compl. ¶ 10 (stating that Plaintiff Dr. Colella was a resident at BCH from 1996 through 1999); ¶ 11 (stating that Plaintiff Dr. Barone was a medical resident at BCH from 1996 through 1999 and was a fellow at BCH from 1999 through 2002).

14. Plaintiffs have claimed actual damages of approximately $7,000 per year employed for each resident or fellow. *See* Compl. ¶ 7. Moreover, Plaintiffs have indicated that they will seek treble damages under M.G.L. ch. 93A, plus reasonable attorneys' fees, *see* Compl.

¶¶ 60-61 & Ex. B thereto at 3 (January 10, 2014 Demand letter), both of which are properly considered in calculating the amount-in-controversy determination. *See Payne v. Goodyear Tire & Rubber Co.*, 229 F. Supp. 2d 43, 46 (D. Mass. 2002) (overruled on other grounds) (citing *F.C.I. Realty Trust v. Aetna Cas. & Sur. Co.*, 906 F. Supp. 30, 32 n.1 (D. Mass. 1995)); *Spielman v. Genzyme Corp.*, 251 F.3d 1, 7 (1st Cir. 2001).

15.     The amount in controversy thus exceeds $5,000,000. (Using conservative estimates, and not even considering attorneys' fees: 100 fellows/residents x 3 years at BCH per fellow/resident x $7,000 claimed damages per year x 3 (for treble damages under M.G.L. ch. 93A) = $6,300,000.).

**B.    The Court Has Original Jurisdiction.**

16.     The Court has original jurisdiction over this action because it is a "civil action[] arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

17.     This action arises under the laws of the United States because Plaintiffs' state law claims are pre-empted under Internal Revenue Code § 7422, despite Plaintiffs' attempt to artfully plead around that defense.

18.     Plaintiffs allege certain state law claims for relief because they "have been damaged insofar as they have not received refunds of FICA payments." Compl. ¶ 27. Under well-established law, Plaintiffs' state law claims arise under federal law, this Court has original jurisdiction, and removal is proper under 28 U.S.C. §§ 1331, 1340 and 1441(a). *See Brennan v. Southwest Airlines Co.*, 134 F.3d 1405, 1409-12 (9th Cir. 1998); *Kaucky v. Southwest Airlines Co.*, 109 F.3d 349, 350-53 (7th Cir. 1997); *Berera v. Mesa Med. Group, PLLC*, 13-cv-294-JMH, 2014 U.S. Dist. LEXIS 393, at *3-5 (E.D. Ky. Jan. 3, 2014).

## Compliance with the Removal Statute

19. The Complaint was served on BCH on March 17, 2014. *See* Summons (Ex. A). This Notice of Removal is filed by BCH within 30 days after receipt by BCH of service of the Complaint and is therefore timely under 28 U.S.C. § 1446(b).

20. Venue is proper under 28 U.S.C. §§ 101 and 1441(a) because the United States District Court for the District of Massachusetts is the federal district court embracing the Superior Court of the Commonwealth of Massachusetts, Suffolk County, where this action was filed. *See* Compl.

21. Pursuant to 28 U.S.C. § 1446, BCH has filed the Notice with the Court, is serving a copy of this Notice upon counsel for all parties, and is filing a copy in the Superior Court of the Commonwealth of Massachusetts, Suffolk County.

22. Attached hereto as Exhibit B is the Notice to the Clerk of the Superior Court, Suffolk County, of the filing of the Notice of Removal, the original of which is being filed with the Superior Court of the Commonwealth of Massachusetts, Suffolk County, as required by 28 U.S.C. § 1446(d).

23. Attached hereto as Exhibit C is a copy of the Notice to Adverse Party of the filing of the Notice of Removal, the original of which is being served upon Plaintiffs' counsel pursuant to U.S.C. § 1446(d).

24. BCH files this Notice of Removal solely for the purpose of removing the instant action and does not waive, and specifically reserves, any and all defenses.

## Conclusion

BCH respectfully requests that this action now pending in the Superior Court of the Commonwealth of Massachusetts, Suffolk County, be removed to this Court.

Dated: April 7, 2014                                Respectfully submitted,

   /s/ Matthew R. Turnell_____
Matthew R. Turnell (BBO# 662537)
Victoria Thavaseelan (BBO# 666384)
McDERMOTT WILL & EMERY LLP
28 State Street
Boston, MA 02109-1775
mturnell@mwe.com
T: 617.535.4019
F: 617.535.3800

Mark H. Churchill
Robin Greenhouse
McDERMOTT WILL & EMERY LLP
500 N. Capitol Street, N.W.
Washington, DC 20001
mchurchill@mwe.com
rgreenhouse@mwe.com
T: 202.756.8000
F: 202.756.8087
*Motions for admission *pro hac vice* forthcoming

*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of this document will be served electronically through the ECF system as well as by U.S. Mail, first class postage prepaid to attorneys for Plaintiffs:

| | |
|---|---|
| Jeffrey C. Block | Stephen V. Saia |
| Joel A. Fleming | Law Office of Stephen V. Saia |
| Leigh O'Neil | 70 Old Cart Path Lane |
| Block & Leviton LLP | Pembroke, MA 02359 |
| 155 Federal Street | |
| Boston, MA 02110 | |

/s/ Matthew R. Turnell
Matthew R. Turnell (BBO# 662537)

Dated: April 7, 2014
DM_US 50738271-4.035847.0034